IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL RAY WILLIS,                )
                                   )
            Plaintiff,             )
                                   )
       v.                          )        1:16CV51
                                   )
NANCY BERRYHILL,                   )
Acting Commissioner of Social      )
Security Administration,           )
                                   )
            Defendant.             )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Michael Ray Willis, brought this action to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").[1] Pending before the Court is Defendant's motion to dismiss Plaintiff's Complaint as time-barred. (Docket Entry 7.) Plaintiff has not filed a response. For the reasons stated herein, the Court recommends that Defendant's motion to dismiss be converted to a motion for summary judgment, and be granted.

---

[1] Nancy Berryhill recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Act, 42 U.S.C. § 405(g).

1

## I. BACKGROUND

On February 3, 2012, Plaintiff filed applications for DIB and SSI. (Docket Entry 8-1 at 8.) Plaintiff's claims were denied initially and upon reconsideration. (*Id.*) Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) A hearing was held on June 18, 2014. (*Id.*) The ALJ issued an unfavorable decision on September 15, 2014. (*Id.* at 8-17.) Plaintiff thereafter sought review of the decision by the Appeals Council. This decision became the final administrative decision after the Appeals Council declined review on November 5, 2015. (*Id.* at 23-26.) The Denial Notice from the Appeals Council also informed Plaintiff of his right to file a civil action for review of the ALJ decision, and the proper procedure to file such action in the judicial district where Plaintiff lives. (*Id.* at 24-25.) It further stated that he had "60 days to file a civil action" and [t]he 60 days start[ed] the day after [Plaintiff] receive[d] [the] letter." (*Id.* at 25.) If Plaintiff needed an extension of time to file his civil action, he could seek an extension from the Appeals Council. (*Id.*)

On January 20, 2016, Plaintiff filed an application to proceed *in forma pauperis*, along with the Complaint for review of the ALJ's decision denying his disability benefits. (Docket Entries 1, 2.) The Court thereafter granted Plaintiff IFP status (Docket Entry 4), and a summons was issued for Defendant. (Docket Entry 5.) Defendant then filed the pending motion to dismiss Plaintiff's Complaint as time-barred. (Docket Entry 7.)

## II. DISCUSSION

### 1. Relevant Standard of Review

Defendant contends that Plaintiff's complaint should be dismissed because Plaintiff did not institute this civil action until the time to do so expired. (Docket Entry 8 at 2.)

Although not specifically referenced in Defendant's motion, "[a] motion to dismiss a complaint as untimely is generally brought under Rule 12(b)(6)."). *Derosa v. Colvin*, No. 5:14-CV-414-FL, 2014 WL 5662771, at *1 (E.D.N.C. Nov. 4, 2014) (citation omitted). In support of her motion to dismiss, Defendant relies upon the declaration of Kathie Hartt (and attached exhibits), an employee of the Office of Disability Adjudication and Review. (Docket Entry 8-1 at 1-4.) This document is not referenced in the Complaint, thus, this motion should be converted to a motion for summary judgment. *Id.* at *2 (citation omitted) ("Because these documents [relating to the date that the Appeals Council Notice was sent] contain information not referenced in the complaint, the court cannot consider them under the Rule 12(b)(6) standard."); *see also Woods v. Colvin*, No. 1:15CV763, 2016 WL 1328951, at *2 (M.D.N.C. Apr. 5, 2016) (citing Fed. R. Civ. P. 12(d) ("Because these documents contain information not referenced in the Complaint, the Commissioner's Motion to Dismiss should be converted into a motion for summary judgment.")). "When converting a motion to dismiss into a motion for summary judgment, [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." *Woods*, 2016 WL 1328951, at *2 (internal quotations and citation omitted). By Order dated January 12, 2017, the Court informed the parties of its consideration to construe Defendant's motion to dismiss as a motion for summary judgment, and further permitted Plaintiff additional time to respond to Defendant's motion. (Docket Entry 11.) Plaintiff has not filed a response. The undersigned therefore concludes that Plaintiff "has been afforded a 'reasonable opportunity' to present materials relevant to [his] response to the Commissioner's motion," and finds that the Court should convert Defendant's motion to dismiss as a motion for summary judgment. *Derosa*, 2014 WL

5662771, at *2; *see also Woods*, 2016 WL 1328951, at *3 (converting motion to dismiss into summary judgment motion after Plaintiff was given a reasonable opportunity to respond).

2. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, dissenting). When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider

"unsupported assertions" or "self-serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *Anderson*, 477 U.S. at 248-49.

3. <u>Time for Appeal of the Commissioner's Final Decision</u>

Section 405(g) of the Act provides, in relevant part: "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The sixty day requirement is not jurisdictional and is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986). This limitations period has been modified by the Commissioner's regulations so that it begins only upon receipt of the notice, rather than upon its mailing. *See* 20 C.F.R. § 422.210(c). Social security regulations pertaining to judicial review provide:

> Any civil action [seeking judicial review of a decision by an [ALJ] if the Appeals Council has denied the claimant's request for review] must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, *the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.*

20 C.F.R § 422.210(c) (emphasis added). Thus, the regulations provide that the date of receipt of notice is presumed to be five days after the date of such notice and a plaintiff can rebut this presumption by making a "reasonable showing to the contrary" that he did not receive notice within five days. *Id.* If the plaintiff successfully rebuts the presumption, the burden shifts to

5

the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision. *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984).

The sixty-day time period may be equitably tolled under certain circumstances. *See Bowen*, 476 U.S. at 480 (holding that "traditional equitable tolling principle[s]" apply to the sixty-day requirement). In most cases, the Commissioner determines whether to extend the sixty-day period, but a court may step in and extend the period in cases where the equities in favor of tolling the sixty (60) days show that deference to the agency's judgment is inappropriate. *Id.* The application of equitable tolling is appropriate only in rare or exceptional circumstances. *Id.* at 480-81 (applying equitable tolling where the agency engaged in engaged in "secretive conduct"); *see also Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir. 1986) (finding equitable tolling applicable where the Social Security Administration had a "clandestine policy" of not following the law of the circuit where the claim arose). The Fourth Circuit has cautioned that tolling the limitations period "will rarely be appropriate." *Hyatt*, 807 F.2d at 378.

Here, the decision of the Appeals Council denying review in Plaintiff's case was dated November 5, 2015. The Hartt declaration indicates that a copy of the Appeals Council notice was sent to Plaintiff at his address of record on November 5, 2015. (Docket Entry 8-1 at 3.) Counting the five-day receipt provision, Plaintiff had until January 11, 2016 to file his Complaint for judicial review.[2] The Complaint was not filed in this Court until January 20,

---

[2] The 65th day to file this civil action was Saturday, January 9, 2016. Thus, the deadline to file the Complaint was the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of a computed time] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

6

2016. Plaintiff has failed to make the necessary showing to rebut the presumption that he received the notice from the Appeals Council within five days of its mailing. His Complaint was filed nine (9) days after the January 11, 2016 deadline. Thus, Plaintiff's Complaint was not filed in a timely manner. Furthermore, the circumstances in this case do not justify equitable tolling. There is no evidence that Plaintiff asked Defendant to enlarge Plaintiff's time to file his complaint,[3] nor is there evidence of extraordinary circumstances sufficient to warrant the application of equitable tolling. In sum, absent a genuine issue of material fact as to the untimeliness of Plaintiff's Complaint, Defendant's motion should be granted.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that the Commissioner's motion to dismiss (Docket Entry 7) be converted to a motion for summary judgment, be **GRANTED**, and that this action be dismissed.

   Joe L. Webster
   United States Magistrate Judge

January 30, 2017
Durham, North Carolina

---

[3] In her declaration, Hartt indicates that she is also not aware of any request for an extension to file this civil action made by Plaintiff. (Docket Entry 8-1 at 3.)